UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN SAUL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>VALNET INC.,<br><br>        Defendant. | CASE NO. 1:25-CV-12236-JEK |

### DEFENDANT VALNET INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Valnet Inc. ("Valnet"), hereby moves to dismiss the Class Action Complaint ("Complaint") of plaintiff Jonathan Saul ("Plaintiff"), for lack of personal jurisdiction over Valnet and failure to state a claim upon which relief may be granted. Valnet is a Canadian corporation based in Montreal, Canada. The filing of Plaintiff's Complaint in the United States District Court for the District of Massachusetts fails to recognize that this Court lacks personal jurisdiction, either general or specific, over Valnet. Plaintiff does attempt to assert facts supporting general jurisdiction. And, indeed, this is not an "exceptional case" that would allow a court to exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *See Daimler AG v. Bauman*, 571 U.S. 117, 118 n.19 (2014). Nor is there any connection between this forum and the specific claims at issue, as is required before the Court may exercise specific jurisdiction. Therefore, Plaintiff cannot carry his burden, and the Court

should grant Valnet's Motion to Dismiss the Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Separately, the Court should grant Valnet's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff alleges that he created an account on a Valnet website – www.gamerant.com – and that Valnet disclosed Plaintiff's personally identifiable information in violation of the Video Protection Privacy Act, 18 U.S.C. § 2710 ("VPPA"). Valnet did not disclose Plaintiff's PII. But even if Valnet had, Plaintiff consented to any alleged disclosure of information when Plaintiff accepted the Valnet Privacy Policy, which was a prerequisite to creating an account on www.gamerant.com in November 2024. Because the VPPA specifically permits disclosure of personally identifiable information with the consent of the consumer, *see* 18 U.S.C. § 2710(b)(2)(B), Plaintiff's Complaint fails to allege facts sufficient to state a claim under the VPPA.

Valnet respectfully refers this Court to its Memorandum of Law in Support of its Motion to Dismiss the Complaint and its accompanying exhibits.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel conferred with Plaintiff's counsel on November 3, 2025, and made a good faith attempt to resolve or narrow the issues, but the parties were unable to reach agreement.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1 (d), Valnet requests a hearing on its Motion to Dismiss, and submits that oral argument will materially assist the Court's understanding of the issues.

WHEREFORE, Valnet respectfully requests that this Honorable Court:

(A) <u>GRANT</u> its Motion to Dismiss in its entirety;

(B) <u>DISMISS</u> the Class Action Complaint against Valnet;

(C) <u>GRANT</u> any additional relief that this Court deems appropriate; and

(D) <u>ENTER</u> final judgment in Valnet's favor.

DATED:  November 10, 2025         Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: */s/Lucy Holmes Plovnick*
Lucy Holmes Plovnick (BBO# 654918)
lhp@msk.com
Mitchell Silberberg & Knupp LLP
1818 N Street NW, 7th Floor
Washington, DC 20036
Telephone: (202) 355-7900
Facsimile: (202) 355-7888

*Attorneys for Defendant Valnet Inc.*