**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JONATHAN SAUL,

Plaintiff,

v.

VALNET INC.,

Defendant.

CASE NO. 1:25-CV-12236-JEK

**DEFENDANT VALNET INC.'S ANSWER TO PLAINTIFF JONATHAN SAUL'S CLASS ACTION COMPLAINT**

Defendant Valnet Inc. ("Valnet"), by and through counsel, for its Answer to the Class Action Complaint ("Complaint") filed by Plaintiff Jonathan Saul ("Plaintiff"), admits, denies, and states as follows:

## NATURE OF THE ACTION[1]

1. Answering paragraph 1, Defendant admits that Defendant Valnet Inc. owns and operates gamerant.com. Except as expressly admitted, Defendant denies any remaining allegations, including that Plaintiff is entitled to bring or maintain this action as a putative class action on behalf of all persons who have an account on gamerant.com.

2. Answering paragraph 2, Defendant denies the allegations contained therein and specifically denies that Defendant has knowingly disclosed its users' personally identifiable information and video viewing activity to Google without their consent.

[1] All headings and subheadings are as stated in the Complaint.

3. Answering paragraph 3, Defendant denies the allegations contained therein and specifically denies that the Website uses code for Google Tag and Google Analytics to track what videos its users watch, and to then send that data to Google along with their PII.

4. Answering paragraph 4, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in paragraph 4 require a response, Defendant denies the allegations.

## PARTIES

5. Answering paragraph 5, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residency, domicile, Google account, the personally identifiable information Plaintiff allegedly provided to Google, Plaintiff's alleged account on and use of the Website, and Plaintiff's receipt of any newsletter, and denies such allegations on that basis. Defendant specifically denies that it shared Plaintiff's video watching activity or any personally identifiable information with Google, and denies that it did so without Plaintiff's consent or knowledge. Except as so stated, Defendant denies each remaining allegation of paragraph 5.

6. Answering paragraph 6, Defendant admits that Defendant Valnet Inc. is a Canadian corporation headquartered at 7405 Rte Transcanadienne #100, Saint-Laurent, QC H4T IZ2, Canada and that Defendant owns and operates gamerant.com. Except as expressly admitted, Defendant denies any remaining allegations.

## JURISDICTION AND VENUE

7. Answering paragraph 7, Defendant does not contest that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Answering paragraph 8, Defendant specifically denies the allegations that Defendant used and disseminated data directly from Massachusetts-based users and that Defendant knew or was aware of the disclosure of its users' PII and video viewing activity. Defendant also specifically denies that the Court has personal jurisdiction over Defendant and does not waive its ability to revisit that issue on appeal. Defendant further states that the allegations in paragraph 8 set forth legal conclusions that do not require a response. To the extent any allegations in paragraph 8 require a response, Defendant denies the allegations.

9. Answering paragraph 9, Defendant states that the allegations set forth legal conclusions regarding venue to which no response is required. To the extent any allegations in paragraph 9 require a response, Defendant denies that venue is proper in this District, denies that a substantial part of the events or omissions giving rise to the claim occurred in this District, and denies each remaining allegation in Paragraph 9 not expressly admitted herein.

## FACTUAL BACKGROUND

### I. The VPPA

10. Answering paragraph 10, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in paragraph 9 require a response, Defendant denies the allegations.

11. Answering paragraph 11, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in paragraph 11 require a response, Defendant denies the allegations.

12. Answering paragraph 12, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in paragraph 12 require a response, Defendant denies the allegations.

13. Answering paragraph 13, Defendant states that the allegations set forth legal conclusions that do not require a response. To the extent any allegations in paragraph 13 require a response, Defendant denies the allegations.

## II. Google Tag and Google Analytics

14. Answering paragraph 14, Defendant admits that an article titled "About the Google tag" was published on the Google website and is available at https://support.google.com/tagmanager/answer/11994839?hl=en. Defendant further admits that the quoted language in the second, third, and fourth sentences of paragraph 14 appears in said article and respectfully refers the Court to that document for its content. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and denies such allegations on that basis.

15. Answering paragraph 15, Defendant admits that an article titled "About the Google tag" was published on the Google website and is available at https://support.google.com/tagmanager/answer/11994839?hl=en. Defendant further admits that the quoted language in the first and second sentences of paragraph 15 appears in said article and respectfully refers the Court to that document for its content. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and denies such allegations on that basis.

16. Answering paragraph 16, Defendant admits that an article titled "How Google Analytics works" was published on the Google website and is available at https://support.google.com/analytics/answer/12159447?hl=en&ref_topic=14089939&sjid=28276 24563183915220-NC. Defendant further admits that the quoted language in the first sentence of paragraph 16 appears in said article and respectfully refers the Court to that document for its content. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and denies such allegations on that basis.

17. Answering paragraph 17, Defendant admits that an article titled "How Google uses cookies" was published on the Google website and is available at https://policies.google.com/technologies/cookies?hl=en-US. Defendant further admits that the quoted language in the first and third sentences of paragraph 17 appears in said article and respectfully refers the Court to that document for its content. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and denies such allegations on that basis.

18. Answering paragraph 18, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and denies such allegations on that basis.

## III. Game Rant and The Google Tag/Google Analytics

19. Answering paragraph 19, Defendant admits that a webpage titled "Latest Videos" was published on the GameRant website and is available at https://gamerant.com/latest-videos. Defendant further admits that the quoted language in the second sentence of paragraph 19 appears on said webpage and respectfully refers the Court to that document for its content. Defendant

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and denies such allegations on that basis.

20. Answering paragraph 20, Defendant admits that the GameRant website is available at https://gamerant.com and that the quoted language in the first and second sentences of paragraph 20 appears on said website. Defendant respectfully refers the Court to that document for its content. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 20.

21. Answering paragraph 21, Defendant admits that to log into the GameRant website, users must provide their email address, Google account, or OpenPass account. Defendant denies that it collects or receives users' information for the purpose or with the effect alleged, denies that any such tools increase Defendant's alleged "potential to urge" accountholders to visit the Website or watch videos, and denies that Defendant's relationship with accountholders is "distinct" from its relationship with other visitors in the manner alleged. Except as expressly admitted, Defendant denies each remaining allegation of paragraph 21.

22. Answering paragraph 22, Defendant admits that the Website's pages hosting videos contains code for the Google Tag and Google Analytics. Except as expressly admitted, Defendant denies any remaining allegations.

23. Answering paragraph 23, Defendant admits that an article titled "Mafia: The Old Country Stays True to Its Roots, For Better or Worse" was published on the GameRant website and is available at https://gamerant.com/video/mafia-the-old-country-stays-true-to-its-roots-for-better-or-worse. Defendant denies the remaining allegations of paragraph 23.

24. Answering paragraph 24, Defendant denies the allegations contained therein, and specifically denies that the code on any page of gamerant.com tracks, transmits, or discloses to

Google whether a page hosts a video, the title of any video, or the user's IP address in the manner alleged, and denies the accuracy and characterization of the referenced "Tag Assistant" excerpt.

25. Answering paragraph 25, Defendant admits only that the GameRant website may set certain third-party cookies. Defendant denies the remaining allegations of paragraph 25, including the allegation that the Website contains code for "at least 23 different third-party cookies" from Google and DoubleClick, and denies the accuracy and characterization of the table reproduced therein.

26. Answering paragraph 26, Defendant admits that an article titled "How Google uses cookies" was published on the Google website and is available at https://policies.google.com/technologies/cookies?hl=en-US. Defendant further admits that the quoted language in paragraph 26 appears in said article and respectfully refers the Court to that document for its content. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and denies such allegations on that basis.

27. Answering paragraph 27, Defendant denies the allegations contained therein, and specifically denies that any Event Data or personally identifiable information shared by Defendant permits Google, or any other person, to identify what videos an individual has requested or obtained on the Website.

## CLASS ALLEGATIONS

28. Answering paragraph 28, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a putative class action and that any proposed amendment would or should be permitted.

29. Answering paragraph 29, Defendant denies the allegations contained therein.

30. Answering paragraph 30 and subparagraphs (a)–(d), Defendant denies the allegations contained therein and specifically denies that questions of law and fact common to members of the Class predominate over questions that may affect individual members of the Class.

31. Answering paragraph 31, Defendant denies the allegations contained therein.

32. Answering paragraph 32, Defendant denies that Plaintiff is able to fairly and adequate represent and protect the interests of the Class, that Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, or that any proposed amendment would or should be permitted. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and denies such allegations on that basis.

33. Answering paragraph 33, Defendant denies the allegations contained therein and specifically denies that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## CAUSES OF ACTION

### COUNT I
### Violation of the Video Privacy Protection act
### 18 U.S.C. § 2710, *et seq.*

34. Answering paragraph 34, Defendant denies the allegations contained therein and specifically denies that Plaintiff is entitled to bring or maintain this action as a putative class action.

35. Answering paragraph 35, Defendant states that the allegations set forth legal conclusions that do not require a response and denies such allegations on that basis.

36. Answering paragraph 36, Defendant states that the allegations set forth legal conclusions that do not require a response and denies such allegations on that basis.

37. Answering paragraph 37, Defendant denies the allegations contained therein.

38. Answering paragraph 38, Defendant denies the allegations contained therein, including that Plaintiff or any putative class member viewed videos on Defendant's website in a manner giving rise to any claim, and denies knowledge or information sufficient to form a belief as to Plaintiff's or any putative class member's individual activity, denying such allegations on that basis.

39. Answering paragraph 39, Defendant denies the allegations contained therein.

40. Answering paragraph 40, Defendant denies the allegations contained therein.

41. Answering paragraph 41, Defendant states that the allegations set forth legal conclusions that do not require a response and denies such allegations on that basis.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff or any putative class member is entitled to any relief whatsoever.

**JURY DEMAND**

Defendant denies that Plaintiff or any putative class member is entitled to jury or any issues triable to the Court.

**SEPARATE DEFENSES**

Without waiving or excusing Plaintiff's and/or putative class members' burden of proof or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof, as opposed to denials of matters as to which Plaintiff and/or putative class members have the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint and any purported claims for relief alleged therein fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Not a Video Tape Service Provider)**

The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Defendant is not a "video tape service provider" within the meaning of 18 U.S.C. § 2710(a)(4).

**THIRD AFFIRMATIVE DEFENSE**

**(Not a "Consumer" Under the VPPA)**

The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Plaintiff is not a "consumer" within the meaning of 18 U.S.C. § 2710(a)(1).

**FOURTH AFFIRMATIVE DEFENSE**

**(No Disclosure of PII)**

The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Defendant did not disclose information about the Plaintiff that constitutes personally identifiable information ("PII") as defined by 18 U.S.C. § 2710(a)(3).

**FIFTH AFFIRMATIVE DEFENSE**

**(No Knowing Disclosure of PII)**

The Complaint and any purported claims for relief alleged therein fail, in whole or in part, because Defendant did not knowingly disclose Plaintiff's PII as defined by 18 U.S.C. § 2710(b)(1).

## SIXTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Injunctive Relief)**

The Complaint and any purported claims for relief alleged therein fail to state facts sufficient to obtain or recover injunctive relief.

## SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Article III and Statutory Standing)**

Plaintiff lacks standing to bring this action, to assert a claim for violation of 18 U.S.C. § 2710, or to assert any purported claim for relief alleged in the Complaint, either individually or in a representative capacity. Plaintiff and/or putative class members have not suffered injuries-in-fact that are fairly traceable to the conduct alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

**(Claims Barred by Defendant's Terms)**

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by applicable provisions in Defendant's Privacy Policy, Terms of Service, or other polices or terms, and their referenced webpages, to which Plaintiff and/or the putative class consented.

## NINTH AFFIRMATIVE DEFENSE

**(Claims Barred by Google's Terms)**

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by applicable provisions in Google's Privacy Policy, Terms of Use, or other polices or terms, and their referenced webpages, to which Plaintiff and/or the putative class consented.

## TENTH AFFIRMATIVE DEFENSE

**(Claims Barred by Limitation of Liability in Terms of Service)**

The Complaint and any purported claim for relief alleged therein are barred, in whole or in part, by the limitation-of-liability provisions contained in Defendant's Terms of Service to which Plaintiff and/or the putative class expressly agreed.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Claims Barred by Consent)**

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Plaintiff consented to the collection of his personally identifiable information.

## TWELFTH AFFIRMATIVE DEFENSE

**(VPPA's Ordinary Course of Business Exception)**

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because Defendant's alleged conduct falls within the VPPA's "ordinary course of business" exception under 18 U.S.C. § 2710(b)(2)(E).

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Class Action Not Appropriate)**

The Complaint and any purported claims for relief alleged therein are barred, because this case is not maintainable as a class action under Federal Rule of Civil Procedure 23 as the proposed class does not satisfy the requirements described therein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Damages, No Injury-in-Fact, Lack of Causation)**

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, because neither Plaintiff nor any putative class member suffered any damages or injury-in-fact due to any of Defendant' acts, conduct, or omissions as alleged in the Complaint, and/or any alleged injury was not causally related to any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendant is informed and believes, and based thereon alleges, that Plaintiff and/or the putative class members have failed to make reasonable efforts to mitigate the alleged damages they claim to have suffered. Defendant denies that Plaintiff and/or the putative class are entitled to any relief, however, any relief to which Plaintiff and/or the putative class members would be entitled, must be diminished by the extent that such damages could have been mitigated.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Enjoinable Conduct)**

The Complaint and any purported claims for relief alleged therein fail to show any entitlement to the remedy of injunctive relief, including because they fail to state facts sufficient to show continuing acts, the threat of irreparable harm, inadequacy of a legal remedy, or a reasonable likelihood of repetition of the alleged conduct if it were in fact established to be wrongful.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

To the extent any of the conduct complained of occurred outside the applicable limitations period, the Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the applicable statutes of limitation.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, Estoppel)**

The Complaint and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed with prejudice on the merits;

2. That judgment be entered in favor of Defendant and against Plaintiff and, should the case be certified, the putative class members;

3. That Defendant be awarded reasonable attorneys' fees and costs of suit herein, as provided by law; and

4. That Defendant be granted such further and other relief as the Court deems just and proper.

DATED: August 13, 2026

Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: /s/ Lucy Holmes Plovnick
Lucy Holmes Plovnick (BBO# 654918)
lhp@msk.com
Mitchell Silberberg & Knupp LLP
1818 N Street NW, 7th Floor
Washington, DC 20036
Telephone: (202) 355-7900
Facsimile: (202) 355-7888

*Attorney for Defendant Valnet Inc.*

**CERTIFICATE OF SERVICE**

I, Lucy Holmes Plovnick, do hereby certify that on this 13th day of August 2026, I caused a true and correct copy of the foregoing document to be served through the Court's CM/ECF Service.

*/s/ Lucy Holmes Plovnick*______________
Lucy Holmes Plovnick